UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. _____ |
| | ) |
| JOE MAWHINNEY, | ) |
| NANCY MAWHINNEY, | ) |
| COLSAR PROPERTIES, LLC, | ) |
| LOY JOHNSON d/b/a/ LOY JOHNSON | ) |
| REAL ESTATE, d/b/a LJRE RENTAL | ) |
| MANAGEMENT, and | ) |
| REBECCA VANDAGRIFF, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes the plaintiff, Allstate Insurance Company ("Allstate"), pursuant to 28 U.S.C. § 2201, and for its complaint against the defendants, Joe Mawhinney, Nancy Mawhinney, Colsar Properties, LLC, Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management, and Rebecca Vandagriff, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over this matter in accordance with 28 U.S.C. § 1332 as there is diversity of citizenship between the plaintiff, Allstate, a corporation that is a citizen and resident of Illinois, and the defendants, Joe Mawhinney, Nancy Mawhinney, Colsar Properties, LLC, Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management, and Rebecca Vandagriff, who are citizens and residents of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. The plaintiff, Allstate Insurance Company, is a wholly owned division of The

Allstate Corporation, a Delaware corporation, with its principal place of business in Illinois.

3. The defendant, Joe Mawhinney, is a citizen and resident of Anderson County, Tennessee, and may be served with process at his home address at 73 Hickory Trail, Norris, Tennessee, 37828.

4. The defendant, Nancy Mawhinney, is a citizen and resident of Anderson County, Tennessee, and may be served with process at her home address at 73 Hickory Trail, Norris, Tennessee, 37828.

5. The defendant, ColSar Properties, LLC, is a limited liability company organized under and existing pursuant to the laws of the State of Michigan. The registered agent is Joseph Mawhinney and the registered office address is 3496 North Gale Road, Davison, Michigan, 48423.

6. The defendant, Loy Johnson, is a citizen and resident of Anderson County, Tennessee, and may be served with process at his business address of 21 West Norris Road, Norris, Tennessee, 37828. Upon information and belief, Loy Johnson conducts business as a real estate agent under the name of Loy Johnson Real Estate and conducts business as a property manager under the name of LJRE Rental Management.

7. The defendant, Rebecca Vandagriff, is a citizen and resident of Knox County, Tennessee. She may be served with process via her attorney, Thomas M. Leveille, 1111 Northshore Drive, Landmark Tower North, Suite N-290, Knoxville, Tennessee 37919.

8. A substantial portion of the events, acts and/or omissions giving rise to this complaint occurred in Anderson County, Tennessee.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (a), as the insurance policies referenced herein insured persons and/or entities that resided in Anderson County,

Tennessee, and the claims made on those policies arise out of acts or omissions that occurred in Anderson County, Tennessee.

10. The plaintiff and defendants have maintained the minimum contacts with the forum of the United States District Court for the Eastern District of Tennessee in relation to this claim and consequently this Court has jurisdiction over both plaintiff and defendants.

### FACTUAL BACKGROUND

11. On or about October 1, 2013, Rebecca Vandagriff signed a Residential Lease Agreement for Single-Family Dwelling, which identified Joe and Nancy Mawhinney as the landlord and Rebecca Vandagriff as the tenant, for the lease of certain real property located at 141 West Norris Road, Norris, Tennessee. The lease agreement designated LJRE Rental Management and Loy Johnson as the property manager for the landlords in relation to the lease agreement. A true and correct copy of the lease agreement is attached hereto as **Exhibit A**.

12. On or about October 4, 2013, Joe Mawhinney signed a copy of the Residential Lease Agreement for Single-Family Dwelling. The copy of the lease signed by Joe Mawhinney identified ColSar Properties, LLC as the landlord and Rebecca Vandagriff as the tenant, for the lease of certain real property located at 141 West Norris Road, Norris, Tennessee. The lease agreement designated Joe and Nancy Mawhinney as the landlord's contact for notice purposes, and LJRE Rental Management and Loy Johnson as the property manager for the landlords in relation to the lease agreement. A true and correct copy of the lease agreement is attached hereto as **Exhibit B**.

13. On or about October 17, 2013, Joe Mawhinney and Nancy Mawhinney executed and recorded a Quit Claim Deed purporting to convey the property located at 141 West Norris Road, Norris, Tennessee, to ColSar Properties, LLC. A true and correct copy of the Quit Claim

Deed is attached hereto as **Exhibit C**.

14. Upon information and belief, shortly after signing the lease on October 1, 2013, Rebecca Vandagriff began moving some of her personal property into the premises at 141 West Norris Road and at some point in October 2013 began residing in the leased premises.

15. At the time of the events described herein, Joe and Nancy Mawhinney were insured under a landlords package policy issued by Allstate Indemnity Company with the policy number of 968462357 insuring the property located at 141 West Norris Road, Norris, Tennessee, 37828. A true and exact copy of the landlord's package policy is attached hereto as **Exhibit D.**

16. At all times relevant to the above-captioned matter, the defendants Joe and Nancy Mawhinney were insured under a homeowner's policy with Allstate with the policy number 963837439, which insured their home at 73 Hickory Trail, Norris, Tennessee, 37828. A true and correct copy of the Allstate Homeowner's Policy is attached hereto as **Exhibit E**.

17. Pursuant to a property management agreement entered into on or about October 4, 2013, Loy Johnson Real Estate was engaged as the property manager for the property located at 141 West Norris Road, Norris, Tennessee. A true and correct copy of the property management agreement is attached hereto as **Exhibit F**.

18. The landlord's package policy issued to Joe and Nancy Mawhinney under policy number 968462357 contains the following exclusions under **Section II - Liability Protection and Premises Medical Protection**:

> **Coverage X**
> **Liability Protection**
> [...]
> **Losses We Do Not Cover Under Coverage X:**
> [...]
> 8.   We do not cover **bodily injury** or **personal injury** which results in any manner from any type of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials,

irritants, contaminants, or pollutants, including, but not limited to:
a) lead in any form;
b) asbestos in any form;
c) radon in any form; or
d) oil, fuel oil, kerosene, liquid propane or gasoline intended for, or from, a storage tank located at the residence premises.
However, we do cover bodily injury which results from the sudden and accidental discharge, dispersal, release or escape of carbon monoxide from a heating system, an appliance for heating water, or a household appliance located at the **residence premises**.

9. **We** do not cover **property damage** consisting of or caused by any types of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, irritants, contaminants, or pollutants including but not limited to:
a) lead in any form;
b) asbestos in any form;
c) radon in any form; or
d) oil, fuel oil, kerosene, liquid propane or gasoline intended for, or from, a storage tank located at the **residence premises**.

10. **We** do not cover any liability imposed upon any **injured person** by any governmental authority for **bodily injury** or **personal injury** which results in any manner from, or for **property damage** consisting of or caused by, any types of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, irritants, contaminants, or pollutants including but not limited to:
a) lead in any form;
b) asbestos in any form;
c) radon in any form; or
d) oil, fuel oil, kerosene, liquid propane or gasoline intended for, or from, a storage tank located at the **residence premises**.

11. **We** do not cover any loss, cost or expense arising out of any request, demand, or order that any **insured person** tests for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to or access the effects of any type of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, irritants, contaminants, or pollutants including but not limited to:
a) lead in any form;
b) asbestos in any form;
c) radon in any form; or
d) oil, fuel oil, kerosene, liquid propane or gasoline intended for, or from, a storage tank located at the **residence premises**.

12. **We** do not cover **bodily injury**, **personal injury**, or **property damage** arising out of the rendering of, or failure to render, professional services by an **insured person**.

[...]

15. **We** do not cover **bodily injury**, **personal injury**, or **property damage** arising from any contract or agreement, whether written or oral.

[...]

22. **We** do not cover **bodily injury**, **personal injury**, or **property damage** which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot, or bacteria.

23. **We** do not cover any liability imposed upon any **insured person** by any governmental authority for **bodily injury**, **personal injury** or **property damage** which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

**Coverage Y**
**Premises Medical Protection**

**Losses We Do Not Cover Under Coverage Y:**

[...]

6. **We** do not cover **bodily injury** which results in any manner from any type of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, irritants, contaminants, or pollutants, including, but not limited to:
a) lead in any form;
b) asbestos in any form;
c) radon in any form; or
d) oil, fuel oil, kerosene, liquid propane or gasoline intended for, or from, a storage tank located at the **residence premises**.

However, **we** do cover **bodily injury** which results from the sudden and accidental discharge, dispersal, release or escape of carbon monoxide from a heating system, an appliance for heating water, or a household appliance located at the **residence premises**.

> 7. **We** do not cover **bodily injury** arising out of the rendering of, or failure to render, professional services by an **insured person**.
>
> [ . . . ]
>
> 14. **We** do not cover **bodily injury** or **personal injury** which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

19. The landlord's package policy expressly states under **Section II – Liability Protection and Premises Medical Protection** that Allstate "will not pay any punitive or exemplary damages, fines or penalties."

20. The landlord's package policy contains the following exclusions under **Section I – Your Property**:

> **Coverage A**
> **Dwelling Protection**
> [...]
> **Coverage B**
> **Other Structures Protection**
> [...]
> **Losses We Do Not Cover Under Coverages A and B:**
> A. **We** do not cover loss to the property described in **Coverage A-Dwelling Protection** or **Coverage B-Other Structures Protection** consisting of or caused by:
> [...]
>
> 12. Any types of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, irritants, contaminants, or pollutants including but not limited to:
> a) lead in any form;
> b) asbestos in any form;
> c) radon in any form; or
> d) oil, fuel oil, kerosene, liquid propane or gasoline intended for, or from, a storage tank located at the **residence premises**.
>
> [...]

13. [...]

e) Contamination, including, but not limited to, the presence of toxic, noxious, or hazardous gasses, chemicals, liquids, solids or other substances at the residence premises or in the air, land or water serving the residence premises;

[...]

C. We do not cover loss to the property described in **Coverage A-Dwelling Protection** or **Coverage B-Other Structures Protection** consisting of or caused by mold, fungus, wet rot, dry rot or bacteria. This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

This exclusion applies regardless of whether mold, fungus, wet rot, dry rot or bacteria arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may otherwise be covered by this policy, except as specifically provide in **Section I Conditions-Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss**.

**Coverage C**
**Personal Property Protection**

[...]

**Property We Do Not Cover Under Coverage C:**

[...]

7. Property of roomers, boarders or **tenants.**

[...]

**Losses We Do Not Cover Under Coverage C:**

[...]

10. Any types of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, irritants, contaminants, or pollutants including but not limited to:
a) lead in any form;
b) asbestos in any form;
c) radon in any form; or

d) oil, fuel oil, kerosene, liquid propane or gasoline intended for, or from, a storage tank located at the **residence premises**.

C. We do not cover loss to the property described in **Coverage C-Personal Property Protection** consisting of or caused by mold, fungus, wet rot, dry rot, or bacteria. This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

This exclusion applies regardless of whether mold, fungus, wet rot, dry rot or bacteria arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may otherwise be covered by this policy, except as specifically provide in **Section I Conditions-Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss**.

21. The landlords package policy contains the following pertinent definitions:

**GENERAL**

**Definitions Used in This Policy**

[...]

5. **Insured person(s)** means:

a) if **you** are shown on the policy declarations as an individual and **you** are a sole proprietor, **you** and **your** resident spouse.
b) if **you** are shown on the policy declarations as a partnership or joint venture, the named partnership or joint venture, including any of its partners or members individually while acting within the course and scope of their duties in connection with the ownership, maintenance or use of the **residence premises**.
c) if **you** are shown on the policy declarations as an organization other than a partnership or joint venture, the organization directors, trustees, or governors of the organization while acting within the course and scope of their duties in connection with the ownership, maintenance, or use of the **residence premises**.
d) **your** employees, while acting within the course and scope of their employment in connection with the ownership, maintenance or use of the **residence premises**.
e) any person or organization while acting as **your** real estate manager for the **residence premises**.

This policy does not apply to **bodily injury**, **personal injury**, or

**property damage** arising from the conduct of any partnership, joint venture or organization which is not named on the policy declarations as the insured.

22. The Homeowners policy issued to Joseph and Nancy Mawhinney with policy number 963837439 contains the following exclusions under **Section II - Family Liability and Guest Medical Protection**:

> **Coverage X**
> **Family Liability Protection**
>
> [...]
>
> **Coverage Y**
> **Guest Medical Protection**
>
> [...]
>
> We will not pay for **property damage**:
>
> [...]
>
> d) arising out of:
>     1) past or present **business** activities;
>     2) any act or omission in connection with a premises, other than an **insured premises**, owned, rented or controlled by an **insured person**;
>
> [...]
>
> **Losses We Do Not Cover Under Coverage X and Coverage Y**
> **A. Losses We Do Not Cover Under Coverage X:**
>
> [...]
>
> 2. **We** do not cover any **property damage** consisting of or caused by vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, or other irritants, contaminants, or pollutants.
>
> 3. **We** do not cover any **bodily injury** or **property damage** arising out of any liability statutorily imposed upon any **insured person** in any manner, consisting of or caused by vapors, fumes, acids, toxic

chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, or other irritants, contaminants, or pollutants.

4. **We** do not cover any liability an **insured person** assumes arising out of any contract or agreement.

[…]

6. **We** do not cover any liability imposed upon any **insured person** by any governmental authority for **bodily injury** or **property damage** which, in whole or in part, arises out of, is aggravated by, or results from mold, fungus, wet rot, dry rot, or bacteria.

[…]

**C. Losses We Do Not Cover Under Coverage X and Coverage Y:**
Coverage under **Coverage X – Family Liability Protection** will be excluded for **bodily injury** and **property damage** and coverage under **Coverage Y – Guest Medical Protection** will be excluded for **bodily injury** as follows:

[…]

8. **We** do not cover any **bodily injury** and which results in any manner from the discharge, dispersal, release, or escape of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, or other irritants, contaminants, or pollutants.

[…]

9. **We** do not cover **bodily injury** or **property damage** arising out of the rendering of or failure to render professional services by an **insured person**.

10. **We** do not cover **bodily injury** or **property damage** arising out of the past or present **business** activities of an **insured person**.

11. **We** do not cover **bodily injury** or **property damage** arising out of any premises, other than an **insured premises**, owned, rented, or controlled by an **insured person**.

12. **We** do not cover **bodily injury** or **property damage** which in whole or in part arises out of, is aggravated by, or results from mold, fungus, wet rot, dry rot, or bacteria.

23. The Homeowner's Policy issued to Joseph and Nancy Mawhinney under policy number 963837439 contains the following pertinent definitions:

**GENERAL**

**Definitions Used in This Policy**

[…]

3. **Business** – means:
a) any full or part-time activity of any kind engaged in for the economic gain including the use of any part of any premises for any such purposes.
[…]
b) the rental or holding for rental of property by an **insured person**.
[…]

5. **Insured person(s)** -- means **you** and, if the resident of **your** household:
a) any relative; and
b) any person under the age of 21 in **your** care.
[…]

6. **Insured premises** –means:
a) the **residence premises**; and
b) under **Section II** only:
1) the part of any other premises, other structures and grounds used by **you** as a residence. This includes premises, structures, and grounds **you** acquire for **your** use as a private resident while this policy is in effect;
2) any part of a premises not owned by an **insured person** but where an **insured person** is temporarily living;
3) cemetery plots or burial vaults owned by an **insured person**;
4) land owned by or rented to an **insured person** where a single-family dwelling is being built as that person's residence;
5) any premises used by an **insured person** in connection with the **residence premises**;
6) any part of a premises occasionally rented to an **insured person** for other than **business** purposes.

[…]

> 11. **Residence premises** – means the **dwelling**, other structures and land located at the address stated on the Policy Declarations.

24. On or about October 11, 2014, Rebecca Vandagriff filed a Complaint in the Circuit Court for Anderson County, Tennessee against Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, and Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management. A copy of the Complaint is attached hereto as **Exhibit G**.

25. In the Complaint (**Exhibit G**), Ms. Vandagriff alleges that within one week after she began residing in the leased premises, she began experiencing headaches, dizzy spells, and joint pain. She claims that as she continued to reside in the leased premises, the symptoms continued to increase in severity and included fatigue and shortness of breath. She claims that the symptoms became increasingly worse as she stayed in the property and included brown spots on her face, brittle hair, brittle nails, congestion, and chest pains. Ms. Vandagriff claims that she was eventually diagnosed by a physician with respiratory issues including alveolitis and pneumonitis. Ms. Vandagriff claims that she discovered areas of the house that were covered in black-colored mold, and that testing revealed elevated mold from exposure to a moldy environment in the leased premises. Ms. Vandagriff claims that the exposure to the mold in the leased premises has resulted in her physical injuries and alleged permanent disability. Ms. Vandagriff claims that she advised a representative of the property manager, Loy Johnson Real Estate, of the mold she had observed in the premises, and that the property manager with one of their employees came to the leased premises and inspected the area. Ms. Vandagriff claims that although the defendants and their agents had knowledge of the mold in the leased premises, the defendants did not take any action to remediate the premises by the removal of the mold. Additionally, Ms. Vandagriff claims to have suffered damage to her personal property due to the

mold contamination. Ms. Vandagriff has alleged claims for breach of implied warranty of habitability and negligence, and is seeking compensatory damages and punitive damages against the defendants Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management, jointly and severely, in the amount of $450,000.00. Ms. Vandagriff is also seeking punitive damages in an unspecified amount.

## COUNT 1 – LANDLORD'S POLICY

25. There is no coverage for the claims of Ms. Vandagriff against defendants Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management under the landlord's policy for bodily injury and property damage because the claims arise out of mold, fungus, wet rot, dry rot, or bacteria and are therefore expressly excluded by the terms of the policy.

26. There is no coverage for the claims of Ms. Vandagriff against defendants Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management under the landlord's policy for bodily injury and property damage because the claims all arise out of the allegation of mold or contaminants on the leased premises, and are therefore expressly excluded by the terms of the policy, in particular, the exclusions for bodily injury, personal injury, or property damage consisting of or caused by any type of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, or other irritants, contaminants, or pollutants. Additionally, the policy expressly excludes bodily injury and property damage arising out of governmental liability imposed due to any type of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, or other irritants, contaminants, or pollutants. The policy also excludes liability for

any loss, cost or expense associated with the testing or clean up and removal of any type of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, or other irritants, contaminants, or pollutants.

27. There is no coverage for the claims of Ms. Vandagriff against defendants Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management under the landlord's policy because the claims are expressly excluded by the terms of the policy, in particular, the exclusions for bodily injury, personal injury, or property damage arising out of the rendering of or failure to render professional services by an insured person.

28. There is no coverage for the claims of Ms. Vandagriff against defendants Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management under the landlord's policy because the claims are expressly excluded by the terms of the policy, in particular, the exclusion for bodily injury, personal injury, or property damage arising from any contract or agreement, whether written or oral.

29. There is no coverage for the claims of Ms. Vandagriff against defendants Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management under the landlord's policy because the claims are expressly excluded by the terms of the policy, in particular, the policy excludes claims for personal property of tenants.

30. Allstate is not liable for punitive damages under the terms of the landlord's policy.

31. ColSar Properties, LLC, is not an insured person under the definitions of the landlord's policy, and consequently there is no coverage for ColSar Properties, LLC under the terms of the policy.

## COUNT 2 – HOMEOWNER'S POLICY

32. The claims of Ms. Vandagriff against defendants Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management are excluded by the terms of the Homeowner's policy, in particular, the exclusions for bodily injury and property damage arising out of or aggravated by mold, fungus, wet rot, dry rot, or bacteria.

33. There is no coverage under the homeowner's policy for the claims of Ms. Vandagriff against defendants Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management because the claims are excluded by the exclusions for bodily injury or property damage arising out of the past or present business activities of an insured person.

34. There is no coverage for the claims of Ms. Vandagriff against defendants Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management because the claims are excluded by the exclusions for bodily injury which results in any manner from the discharge, dispersal, release, or escape of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, or other irritants, contaminants, or pollutants. Additionally, the policy expressly excludes bodily injury and property damage arising out of governmental liability imposed due to any type of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, or other irritants, contaminants, or pollutants. The policy also excludes liability for any loss, cost or

expense associated with the testing or clean up and removal of any type of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, or other irritants, contaminants, or pollutants.

35. There is no coverage for the claims of Ms. Vandagriff against defendants Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management because the claims are excluded by the exclusions for bodily injury and property damage arising out of the rendering of or failure to render professional services by an insured person.

36. ColSar Properties, LLC, and Loy Johnson do not meet the definition of insured person under the Homeowner's policy and consequently there is no coverage for ColSar Properties, LLC, and Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management under the terms of the policy.

37. The leased premises does not meet the definition of insured premises under the Homeowner's policy and consequently there is no coverage for Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management under the terms of the policy. The policy expressly excludes bodily injury or property damage arising out of any premises owned by the insured other than the insured premises, and any acts or omissions in connection with any premises that is not an insured premises.

38. There is no coverage for the claims of Ms. Vandagriff against defendants Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management because the claims arise out of the lease contract for rental of the leased premises, and consequently the claims are excluded by the terms of the

Homeowner's policy.

## COUNT 3 – DUTY TO DEFEND AND DUTY TO INDEMNIFY

39. An examination of the Complaint reveals that all of the claims arise out of the alleged mold conditions on the property and are therefore excluded for the aforementioned reasons. Because all of the claims alleged in the Complaint filed by Ms. Vandagriff in the Circuit Court for Anderson County are excluded by the express terms of both the Homeowners and Landowners policies, there is no duty under either policy for Allstate to defend or indemnify Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, Loy Johnson d/b /a Loy Johnson Real Estate and d/b/a LJRE Rental Management for those claims.

**WHEREFORE,** for all the above-stated reasons, the plaintiff, Allstate Insurance Company, prays the Court as follows:

1. That process issue and the defendants be required to file an answer to this Complaint within the time allowed by law;

2. That the court declare, pursuant to the authority provided by 28 U.S.C. § 2201, that there is no coverage under both the homeowner's policy issued to Joe and Nancy Mawhinney under policy number 963837439 and the landlord's policy issued to Joe and Nancy Mawhinney under policy number 968462357 for the claims of Ms. Vandagriff brought against Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, Loy Johnson d/b /a Loy Johnson Real Estate and d/b/a LJRE Rental Management;

3. That the Court declare, pursuant to the authority provided by 28 U.S.C. § 2201, that because there is no coverage under both the homeowners and the landlord's policies for the claims brought by Ms. Vandagriff because her claims all arise out of a loss that is expressly excluded by the terms of the policies, there is no duty to defend Joe Mawhinney, Nancy

Mawhinney, ColSar Properties, LLC, Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management;

    4.    For an award of costs and expenses as permitted by law;

    5.    And any other and further relief to which the plaintiff may be entitled.

Respectfully submitted,

**TRAMMELL, ADKINS & WARD, P.C.**

s/: _____
Brian H. Trammell, Esq. BPR #010140
Hannah S. Lowe, Esq. BPR #029281
Attorneys for Allstate
P.O. Box 51450
Knoxville, Tennessee 37950
briantrammell@tawpc.com
hannahlowe@tawpc.com
(865) 330-2577 Phone
(865) 330-2578 Fax