UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ALLSTATE INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-121-CCS |
| | ) | |
| JOE MAWHINNEY., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the consent of the parties [Doc. 17].

Now before the Court is Plaintiff Allstate Insurance Company's Motion for Summary Judgment [Doc. 24]. The Defendants have not filed responses, and the parties appeared before the undersigned on December 3, 2015, for a motion hearing on the matter. The Court finds that this motion is now ripe for disposition, and for the reasons set forth in the hearing, and as memorialized below, it will be **GRANTED**.

**I.     FACTS**

This is an insurance coverage case in which Plaintiff Allstate Insurance Company ("Allstate") seeks declaratory judgment that it has no duty to defend or indemnify Joe Mawhinney, Nancy Mawhinney, ColSar Properties, LLC, and Loy Johnson d/b/a Loy Johnson Real Estate and d/b/a LJRE Rental Management (collectively "the Defendants") against certain allegations arising out of a complaint filed by Rebecca Vandagriff in Circuit Court for Anderson, County, Tennessee against the Defendants for personal injuries and property damage that

occurred at 141 West Norris Road, Norris, Tennessee.[1]  Joe Mawhinney and Nancy Mawhinney own the property, which is covered by a policy issued by Allstate.

On October 1, 2013, Ms. Vandagriff signed a Residential Lease Agreement for Single-Family Dwelling for the lease of certain real property located at 141 West Norris Road.  [Doc. 24-3].  The lease identified Ms. Vandagriff as the tenant, ColSar Properties, LLC, as the landlord, the Mawhinneys as the landlord's contact for notice purposes, and LJRE Rental Management and Loy Johnson as the property manager.[2]  [Id.].  Mr. Mawhinney also signed the lease on October 4, 2013.  [Id.].  On October 17, 2013, the Mawhinneys executed and recorded a Quit Claim Deed, conveying the property to ColSar Properties, LLC.  [Doc. 24-4].

In Ms. Vandagriff's state court claim, she alleges that shortly after taking possession of the property, she began experiencing headaches, dizzy spells, and joint pain, which increased in severity as she continued to reside in the leased premise and later resulted in brown spots on her face, brittle hair and nails, congestion, fatigue, shortness of breath, and chest pains.  [Doc. 24-8].  Ms. Vandagriff was eventually diagnosed with respiratory issues, which she claims was caused by mold exposure within the leased premise.  [Id.].  Ms. Vandagriff further alleges that despite the Defendants having knowledge of the mold, they did not take any remedial action.  [Id.].  As a result, Ms. Vandagriff filed a complaint on October 11, 2014, in Circuit Court for Anderson County, Tennessee against the Mawhinneys, ColSar Properties, LLC, and Loy Johnson d/b/a Loy Johnson Release Estate and d/b/a LJRE Rental Management, jointly and severely, alleging breach of implied warranty of habitability and negligence.  [Id.].  The complaint seeks compensatory and punitive damages.  [Id.].

---

[1] Ms. Vandagriff is also a named Defendant in this case.
[2] A second Residential Lease Agreement for Single-Family Dwelling is included in the record [Doc. 24-2].  It identifies the Mawhinneys as the landlord and designates LJRE Rental Management and Loy Johnson as the property manager.  The lease agreement, however, only bares Ms. Vandagriff's signature.

2

At all times relevant to this case, the Mawhinneys were policy holders of a Landlord's Package Policy, policy number 968462357, for the 141 West Norris Road property, and a Homeowner's Policy, policy number 963837439, for real property located at 73 Hickory Trial, Norris, Tennessee. Both policies are through Allstate.

## II.     POSITIONS OF THE PARTIES

Allstate argues that it is entitled to summary judgment in its favor, as a matter of law because: (1) Allstate's Landlord's Package Policy provides no coverage for the claims asserted by Ms. Vandagriff against the Defendants due to the express and unambiguous terms of the policy, and (2) Allstate's Homeowner's Policy provides no coverage for the claims asserted by Ms. Vandagriff against the Defendants due to the express and unambiguous terms of that policy as well. [Doc. 24-1]. Due to a lack of coverage by either policy, Allstate seeks declaratory judgment that it neither has a duty to defend or indemnify the Defendants against any of the claims asserted by Ms. Vandagriff. [Id.].

The Defendants did not file a response in opposition to Allstate's motion, and the time for doing so has expired. See E.D. Tenn. L.R. 7.1(a), Fed. R. Civ. P. 6(d), 5(b)(2)(E). Nor did the Defendants present any oral objections or responses during the December 3 hearing. The Court notes that it may treat the lack of opposition during the time allowed under the rule as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, No. 1:10–CV–278, 2012 WL 369090, at *7 (E.D. Tenn. Feb. 3, 2012) ("Plaintiff's failure to respond effectively waives any objections that he may have had on this matter.").

## III. STANDARD OF REVIEW

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. Celotex Corp. v. Catrett, 477 U.S. 317, 330 n.2 (1986); Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Burchett v. Kiefer, 301 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." Curtis v. Universal Match Corp., 778 F. Supp. 1421, 1423 (E.D. Tenn.1991) (citing Celotex, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. Id.

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the finder of fact. Anderson, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. Id. at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is

a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250.

IV.   ANALYSIS

Under Tennessee law, "[a]n insurance policy must be interpreted fairly and reasonably, giving the language its usual and ordinary meaning." Naifeh v. Valley Forge Life Ins. Co., 204 S.W.3d 758, 768 (Tenn. 2006). Thus, the goal of interpreting any contract, including insurance contracts, is determining the intent of the parties and giving effect to that intention. Id. Courts "must look to the contract as a whole . . . and should not apply a 'forced, unnatural, or unreasonable construction.'" ShoLodge, Inc. v. Travelers Indem. Co. of Illinois, 168 F.3d 256, 259 (6th Cir. 1999) (quoting Dixon v. Gunter, 636 S.W.2d 437, 440 (Tenn. Ct. App. 1982)). Where the terms of the contract are unambiguous, the terms are to be given their ordinary meaning. Id. If, however, the terms appear ambiguous, the insurance policy "must be construed strongly against the insurer and in favor of the insured." Marlin Fin. & Leasing Corp. v. Nationwide Mut. Ins. Co., 157 S.W.3d 796, 809 (Tenn. Ct. App. 2004) (quoting Travelers Ins. Co. v. Aetna Cas. & Sur. Co., 491 S.W.2d 363, 366 (Tenn. 1973)). "Contractual language 'is ambiguous only when it is of uncertain meaning and may fairly be understood in more ways than one.'" Allstate Ins. Co. v. Watson, 195 S.W.3d 609, 611 (Tenn. 2006) (quoting Farmers–Peoples Bank v. Clemmer, 519 S.W.2d 801, 805 (Tenn. 1975)).

In this case, there are two policies at issue: (1) the Landlord's Package Policy, policy number 968462357, and (2) the Homeowners Policy, policy number 963837439. It is undisputed that only the Landlord's Package Policy insures the 141 West Norris Road rental property at

5

issue. [Compare Doc. 24-5 at 5 with Doc. 24-6 at 7]. However, because the Mawhinneys own both insurance policies, Allstate has moved for declaratory judgment that neither policy provides coverage for the personal injuries and property damage asserted by Ms. Vandagriff.

With regard to the Landlord's Package Policy, Allstate claims that the policy includes several exclusions that expressly and unambiguously exclude coverage for the claims asserted by Ms. Vandagriff. [Doc. 24-1 at 20-22]. Specifically, Allstate points to "Section II – Liability Protection and Premises Medical Protection, Coverage X – Liability Protection (exclusion #22) and Coverage Y – Premises Medical Protection (exclusion #14)" of the policy which excludes claims for bodily injury or property damage "which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot, or bacteria." [Doc. 24-5 at 46-47]. Identical language in regard to exclusions for personal property damage is also found in "Section I – Your Property, Coverages A, Dwelling Protection and B, Other Structures Protection (under subsection C), and Coverage C, Personal Property Protection (under subsection C)." [Doc. 24-5 at 32, 35]. Allstate argues that the exclusionary language found in both sections is unambiguous and the words "mold, fungus, wet rot, dry rot, or bacteria" can be understood using their common sense meanings. [Doc. 24 -1 at 21]. To the extent that Ms. Vandagriff's claims could be interpreted as being broader than injuries caused by "mold," Allstate highlights additional policy sections which exclude coverage for bodily or personal injury and property damage "which results in any manner from any type of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, irritants, contaminants, or pollutants," as well as "liability imposed upon any injured person by any governmental authority for bodily injury or personal injury" resulting from same, and "any loss, cost, or expense arising out of any request, demand, or order that any insured person tests for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to or assess the effects of" same. [Doc. 24-5 at 30, 35, 44-46].

6

Moreover, Allstate maintains that a number of other relevant sections are equally applicable and serve to bar coverage of Ms. Vandagriff's claims. [Doc. 24-1 at 22-24]. These additional sections exclude: (1) claims "arising from any contract or agreement, whether written or oral," which would include the written lease agreement in this case, (2) damages that include punitive or exemplary damages, fines, or penalties, and (3) damages to "property of roomers, boarders or tenants." [Doc. 24-5 at 33, 43, 45]. Finally, Allstate submits that the policy's definition of an "insured person" does not cover ColSar Proprieties, LLC, as the definition does not include corporate entities. [Doc. 24-5 at 24-25].

As an initial matter, the Court notes that it takes no position on the merits of Ms. Vandagriff's claims. The opinion of the Court is strictly limited to whether the Landlord's Package Policy or the Homeowner's Policy includes coverage for the claims asserted against the Defendants, such that Allstate would have a duty to defend and/or indemnify the Defendants in the action commenced by Ms. Vandagriff in state court.

The Court has reviewed the policy in detail and the particular sections highlighted by Allstate, and it finds that the Landlord's Package Policy explicitly excludes damages, whether personal or property, caused by mold. Ms. Vandagriff's complaint specifically alleges that her respiratory issues and permanent disability were directly caused "from exposure to a moldy environment in the Leased Premises" and that she "lost virtually all of her personal property due to the mold contamination." [Doc. 24-8 at 3]. The policy clearly states, however, that claims for personal injury or property damage "which, in whole or in part, arises out of, is aggravated by or results from mold" are excluded. The Court finds nothing ambiguous about the terms of the policy in this regard, nor have the Mawhinneys or any of the other Defendants alleged otherwise. "An unambiguous policy may not be rewritten by the court." <u>Stewart's Wholesale Elec. Supply, Inc. v. FCCI Ins. Grp.</u>, No. 07-5895, 2008 WL 7768692, at *1 (6th Cir. May 28, 2008).

7

Therefore, the Court finds that the Landlord's Package Policy explicitly and unambiguously excludes Ms. Vandagriff's claims.

In regard to the Homeowner's Policy, the Court likewise finds that the policy fails to extend any coverage for the claims arising out of Ms. Vandagriff's complaint for two reasons. First, the policy explicitly states that the insured property under this policy is the Mawhinney's personal residence located at 73 Hickory Trail. [Doc. 24-6 at 7]. The subject property of Ms. Vandagriff's lawsuit is the 141 West Norris Road property. [Doc. 24-8]. Therefore, the leased premise is not covered under the Homeowner's Policy. Second, even viewing the evidence in the record in the light most favorable to the Defendants, the Court cannot find that any coverage exits for the Defendants under this second policy because the policy likewise excludes liability or claims for "bodily injury of property damage which, in whole or in part, arise out of, is aggravated by or results from mold." [Doc. 24-6 at 45, 47].

Accordingly, because the express terms of both policies clearly and unambiguously exclude the allegations made by Ms. Vandagriff, the Court finds that there is no coverage available to the Defendants under Allstate's Landlord's Package Policy, policy number 968462357, or Allstate's Homeowner's Policy, policy number 963837439. As a result, the Court finds that the evidence in the record could not support a jury finding that Allstate has any duty to defend of indemnify the Defendants against any of the claims arising out of Ms. Vandagriff's complaint. See Travelers Indem. Co. of Am. v. Moore & Assoc., 216 S.W.3d 302 (Tenn. 2007) (holding that the insurer has a duty to defend only "when the underlying complaint alleges damages that are within the risk covered by the insurance contract and for which there is a potential basis for recovery") (citing St. Paul Fire & Marine Ins. Co. v. Torpoco, 879 S.W.2d 831, 835 (Tenn. 1994)). Therefore, the Court finds there is no genuine dispute as to any material fact and Allstate is

entitled to judgment as a matter of law in the form of declaratory judgment. Fed. R. Civ. P. 56(a).

## V. CONCLUSION

Based upon the foregoing, Defendant Allstate Insurance Company's Motion for Summary Judgment **[Doc. 24]** is **GRANTED**, and judgment will be entered in favor of Allstate Insurance Company.

ORDER ACCORDINGLY,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge